# In the United States Court of Federal Claims

Filed: November 20, 2017

|  |  |
|---|---|
| IN RE ADDICKS AND BARKER (TEXAS) FLOOD-CONTROL RESERVOIRS | Master Docket No. 17-3000L |
| THIS DOCUMENT APPLIES TO: ALL CASES | |

**ORDER REGARDING JUDICIAL ASSIGNMENT, APPOINTMENT OF PLAINTIFFS' COUNSEL FOR THE PURPOSE OF PRE-TRIAL JURISDICTIONAL DISCOVERY, THE GOVERNMENT'S MOTION TO DISMISS PURSUANT TO RULE OF THE UNITED STATES COURT OF FEDERAL CLAIMS 12(b)(1)–(7), AND SCHEDULING.**

**(DOWNSTREAM CLAIMS)**

During the October 6, 2017 and November 1, 2017 hearings convened in Houston, the court was advised that putative class action complaints and individual complaints with downstream claims affecting approximately 4,000 private property interests are or will be filed in the United States Court of Federal Claims. *See, e.g.*, *In re Addicks and Barker (Texas) Flood-Control Reservoirs*, Master Docket No. 17-3000L, Dkt. 7 (Fed. Cl. Nov. 3, 2017).

### I. Assignment Of A United States Court Of Federal Claims Judge.

The undersigned judge, the Honorable Susan G. Braden, of the United States Court of Federal Claims is hereby assigned to manage jurisdictional discovery and adjudicate issues presented by any motion filed, pursuant to Rule of the United States Court of Federal Claims ("RCFC") 12(b)(1)–(7).[1]

### II. Appointment Of Co-Counsel For Jurisdictional Discovery (In Alphabetical Order).

On October 11, 2017, the court issued an Order requesting "all counsel of record that wish to be considered as class counsel(s) and/or lead class counsel(s)" to file a Statement of Interest addressing the factors set forth in RCFC 23(g)(1). *See, e.g.*, *Y And J Properties, Ltd.*, No. 17-1189, Dkt. 12 at 6 (Fed. Cl. Oct.11, 2017).

---

[1] On December 4, 2017, the Clerk of Court will effectuate this assignment when Master Docket, *In re Addicks and Barker (Texas) Flood-Control Reservoirs*, Master Docket No. 17-3000L is divided into Sub-Master Dockets. *See In re Addicks and Barker (Texas) Flood-Control Reservoirs*, Master Docket No. 17-3000L, Dkt. 10 (Fed. Cl. Nov. 13, 2017).

After considering the views of all counsel, the court makes the following appointments of Plaintiffs' Counsel for the purpose set forth herein.

Mr. William S. Consovoy received his Juris Doctor, *magna cum laude*, from George Mason University School of Law (now the Antonin Scalia Law School) and has served as a Law Clerk to Judge Edith H. Jones of the United States Court of Appeals for the Fifth Circuit and Justice Clarence Thomas of the United States Supreme Court. Mr. Consovoy is a Founding Partner of the Washington, D.C. and New York firm of Consovoy, McCarthy, Park, PLLC. In addition, Mr. Consovoy is the Co-Director of the Supreme Court clinic at the Antonin Scalia Law School. Mr. Consovoy is admitted to the bar of the United States Court of Federal Claims. The court appoints Mr. Consovoy as Co-Lead Counsel for the purposes set forth herein.[2]

Mr. David C. Frederick graduated from the University of Texas School of Law, with honors, and served as a Law Clerk to Judge Joseph Sneed of the United States Court of Appeals for the Ninth Circuit and Justice Bryon White of the United States Supreme Court. From 1996-2001, Mr. Frederick was an Assistant Solicitor to the Solicitor General of the United States. Mr. Frederick is admitted to the bar of the United States Court of Federal Claims, the United States Court of Appeals for the Federal Circuit, and the United States Supreme Court. In addition, Mr. Frederick is an Adjunct Professor of Law at the University of Texas Law School, where he teaches a Supreme Court clinic. The court appoints Mr. Frederick as Co-Lead Counsel for the purposes set forth herein.

Where "diverse interests exist among the parties, the court may designate . . . counsel representing different interests." MANUAL FOR COMPLEX LITIGATION § 10.224 (4th ed. 2004). Mr. Frederick and Mr. Edelson have filed complaints they contend should be certified as class actions. The court has determined the issue of class certification is premature at this juncture. The court is concerned that the interests of property owners who ultimately may decide to opt-in to a certified class, may be different from those who may decide to pursue claims as individuals. *See* RCFC 23 Rules Committee Notes (Rule 23 "only contemplates opt-in class certifications"). For this reason, the court also has appointed Mr. Jack E. McGehee to serve as Of Counsel for the purposes set forth herein to ensure the interests of individual plaintiffs are represented, since McGehee, Chang, Barnes, Landgraf represents only individual plaintiffs who, at this point, do not seek class certification.

Mr. McGehee is a graduate of the United States Military Academy at West Point and St. Mary's University School of Law. Mr. McGehee is the Founding Partner of the Houston firm McGehee, Change, Barnes, Landraf. Mr. McGehee has served as President and Director of the Texas Trial Lawyers Association and has taught Civil Trial Advocacy at the University of Houston Law School and at the Trial Techniques Institute at Emory Law School. Mr. McGehee is admitted to practice before the United States Court of Federal Claims and the United States Supreme Court.

All of the above-referenced appointed counsel satisfy the criteria for selection, set out in the MANUAL FOR COMPLEX LITIGATION (4th ed. 2004) and *MDL Standards and Best Practices*, DUKE LAW SCHOOL CENTER FOR JUDICIAL STUDIES (Sept. 11, 2014), https://law.duke.edu/sites/default/files/centers/judicialstudies/MDL_Standards_and_Best_Practices_2014-REVISED.pdf.

---

[2] Mr. Jay Edelson of Edelson PC recommended Consovoy, McCarthy, Park, PLLC to the court.

All appointed counsel will be compensated, pursuant to 42 U.S.C. § 4654(c), for their representation of Plaintiffs, as set forth herein, including any subsequent appeals. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983); *see also Hubbard v. United States*, 480 F.3d 1327 (Fed. Cir. 2007). In that regard, appointed counsel are expected to keep and maintain detailed time records from the date of this Order, take care to limit the use of law firm personnel (partners, associates, and paralegals) only to the extent absolutely necessary to meet professional standards of due diligence and care and minimize ancillary expenses.

### III.  Schedule.

To ensure the expeditious and orderly management of jurisdictional discovery, the court establishes the following schedule.

On or before December 8, 2017, the Government will file any Motion For A More Definite Statement, pursuant to RCFC 12(e).

On or before December 15, 2017, the parties will exchange Mandatory Initial Disclosures, including lists of documents and tangible items.

On or before December 29, 2017, the parties will exchange electronically stored information and hard-copy documents.

On or before January 15, 2018, Plaintiffs may file an Amended Complaint, consolidated or otherwise, in response to any motion filed on December 8, 2017, pursuant to RCFC 12(e).

On or before February 15, 2018, the Government will file any Motion To Dismiss, pursuant to RCFC 12(b)(1)–(7).

On or before March 15, 2018, Plaintiffs will file any Response to the Government's February 15, 2018 Motion To Dismiss.

On or before April 2, 2018, the Government will file any Reply to the March 15, 2018 Plaintiffs' Response.

On or before July 14, 2018, the court will convene an oral argument in the United States District Court for the Southern District of Texas, 515 Rusk Street, Houston, Texas on the Government's February 15, 2018 Motion To Dismiss.

Page limitations for briefs and court filings, set forth in RCFC, are suspended. No extensions of time will be granted, but for extraordinary circumstances.

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Chief Judge**