# In the United States Court of Federal Claims

Filed: November 20, 2017

| | |
|---|---|
| IN RE ADDICKS AND BARKER (TEXAS) FLOOD-CONTROL RESERVOIRS | Master Docket No. 17-3000L |
| THIS DOCUMENT APPLIES TO:<br><br>ALL CASES | |

**ORDER REGARDING JUDICIAL ASSIGNMENT, APPOINTMENT OF PLAINTIFFS' COUNSEL FOR THE PURPOSE OF PRE-TRIAL JURISDICTIONAL DISCOVERY, THE GOVERNMENT'S MOTION TO DISMISS PURSUANT TO RULE OF THE UNITED STATES COURT OF FEDERAL CLAIMS 12(b)(1)–(7), AND SCHEDULING.**

**(UPSTREAM CLAIMS)**

During the October 6, 2017 and November 1, 2017 hearings convened in Houston, the court was advised that putative class action complaints and individual complaints with upstream claims affecting approximately 10,000 to 16,000 private property interests are or will be filed in the United States Court of Federal Claims. *See, e.g.*, *In re Addicks and Barker (Texas) Flood-Control Reservoirs*, Master Docket No. 17-3000L, Dkt. 7 (Fed. Cl. Nov. 3, 2017).

**I.      Assignment Of A United States Court Of Federal Claims Judge.**

The Honorable Charles F. Lettow of the United States Court of Federal Claims is hereby assigned to manage jurisdictional discovery and adjudicate issues presented by any motion filed, pursuant to Rule of the United States Court of Federal Claims ("RCFC") 12(b)(1)–(7).[1]

**II.     Appointment Of Co-Counsel For Jurisdictional Discovery (In Alphabetical Order).**

On October 11, 2017, the court issued an Order requesting "all counsel of record that wish to be considered as class counsel(s) and/or lead class counsel(s)" to file a Statement of Interest addressing the factors set forth in RCFC 23(g)(1). *See, e.g.*, *Y And J Properties, Ltd.*, No. 17-1189, Dkt. 12 at 6 (Fed. Cl. Oct.11, 2017).

---

[1]      On December 4, 2017, the Clerk of Court will effectuate this assignment when Master Docket, *In re Addicks and Barker (Texas) Flood-Control Reservoirs*, Master Docket No. 17-3000L is divided into Sub-Master Dockets. *See In re Addicks and Barker (Texas) Flood-Control Reservoirs*, Master Docket No. 17-3000L, Dkt. 10 (Fed. Cl. Nov. 13, 2017).

After considering the views of all counsel, the court makes the following appointments of Plaintiffs' Counsel for the specific purposes set forth herein.

Mr. Ian H. Gershengorn graduated from Harvard Law School where he received a Juris Doctor, *magna cum laude*. Mr. Gershengorn was a Law Clerk to Circuit Court Judge Amalya L. Kearse of the United States Court of Appeals for the Second Circuit and a Law Clerk to Justice John Paul Stevens of the United States Supreme Court. Mr. Gershengorn also was Principal Deputy Solicitor General and Acting Solicitor General of the United States. Mr. Gershengorn is Chair of Jenner & Block LLP's Appellate and Supreme Court Practice. Mr. Gershengorn is admitted to the bar of the United States Court of Federal Claims. The court appoints Mr. Gershengorn as Co-Lead Counsel for the purposes set forth herein.[2]

Mr. Larry Vincent graduated from the University of Texas School of Law, with honors. Mr. Vincent served as a Law Clerk for Justice Anthony M. Kennedy of the United States Supreme Court. Mr. Vincent is of counsel to Burns and Charest, LLP, where he specializes in complex civil litigation, class action lawsuits. Mr. Vincent is admitted to the bar of the United States Court of Federal Claims and the United States Supreme Court. The court appoints Mr. Vincent as Co-Lead Counsel for the purposes set forth herein.[3]

Where "diverse interests exist among the parties, the court may designate . . . counsel representing different interests." MANUAL FOR COMPLEX LITIGATION § 10.224 (4th ed. 2004). Mr. Gershengorn and Mr. Vincent, however, represent a group of law firms that have filed Complaints they contend should be certified as class actions. The court has determined that the issue of class certification is premature at this juncture. The court is concerned that the interests of property owners who ultimately may decide to opt-in to a certified class, may be different from those who may decide to pursue claims as individuals. *See* RCFC 23 Rules Committee Notes (Rule 23 "only contemplates opt-in class certifications"). For this reason, the court also has appointed Mr. Vuk Vujasinovic to serve as Of Counsel for the purposes set forth herein to ensure the interests of individual plaintiffs are represented, since Vujansinovic & Beckcom LLP represents only individual plaintiffs who, at this point, do not seek class certification.

Mr. Vujasinovic graduated from the Houston Law Center where he received a Juris Doctor and was Editor of the Houston Law Review. Mr. Vujasinovic is a Founding Partner of Vujansinovic & Beckcom LLP, a Houston law firm specializing in complex civil litigation. Before co-founding VB Attorneys, Mr. Vujasinovic specialized in complex litigation at Shook, Hardy & Bacon. Mr. Vujasinovic is admitted to the bar of the United States Court of Federal Claims.

All of the above-referenced appointed counsel satisfy the criteria for selection, set out in the MANUAL FOR COMPLEX LITIGATION (4th ed. 2004) and *MDL Standards and Best Practices*, DUKE LAW SCHOOL CENTER FOR JUDICIAL STUDIES (Sept. 11, 2014),https://law.duke.edu/sites/default/files/centers/judicialstudies/MDL_Standards_and_Best_Practices_2014-REVISED.pdf.

---

[2] Mr. Derek Potts of Potts Law Firm recommended Jenner & Block LLP to the court.
[3] Mr. Charles Irvine of Irvine & Conner, PLLC recommended Burns and Charest, LLP to the court.

All appointed counsel will be compensated, pursuant to 42 U.S.C. § 4654(c), for their representation of Plaintiffs, as set forth herein, including any subsequent appeals. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983); *see also Hubbard v. United States*, 480 F.3d 1327 (Fed. Cir. 2007). In that regard, appointed counsel are expected to keep and maintain detailed time records from the date of this Order, take care to limit the use of law firm personnel (partners, associates, and paralegals) only to the extent absolutely necessary to meet professional standards of due diligence and care and minimize ancillary expenses.

### III.    Schedule.

To ensure the expeditious and orderly management of jurisdictional discovery, the court establishes the following schedule.

On or before December 8, 2017, the Government will file any Motion For A More Definite Statement, pursuant to RCFC 12(e).

On or before December 15, 2017, the parties will exchange Mandatory Initial Disclosures, including lists of documents and tangible items.

On or before December 29, 2017, the parties will exchange electronically stored information and hard-copy documents.

On or before January 15, 2018, Plaintiffs may file an Amended Complaint, consolidated or otherwise, in response to any motion filed on December 8, 2017, pursuant to RCFC 12(e).

On or before February 15, 2018, the Government will file any Motion To Dismiss, pursuant to RCFC 12(b)(1)–(7).

On or before March 15, 2018, Plaintiffs will file any Response to the Government's February 15, 2018 Motion To Dismiss.

On or before April 2, 2018, the Government will file any Reply to the March 15, 2018 Plaintiffs' Response.

On or before July 14, 2018, the court will convene an oral argument in the United States District Court for the Southern District of Texas, 515 Rusk Street, Houston, Texas on the Government's February 15, 2018 Motion To Dismiss.

Page limitations for briefs and court filings, set forth in RCFC, are suspended. No extensions of time will be granted, but for extraordinary circumstances.

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Chief Judge**