# In the United States Court of Federal Claims

Filed:  December 8, 2017

| | |
|---|---|
| IN RE ADDICKS AND BARKER (TEXAS) FLOOD-CONTROL RESERVOIRS | Master Docket No. 17-3000L |
| THIS DOCUMENT APPLIES TO:<br><br>ALL CASES | |

### MEMORANDUM OPINION AND ORDER DENYING THE GOVERNMENT'S MOTION TO VACATE THE COURT'S NOVEMBER 20, 2017 ORDERS

On December 1, 2017, the Government filed a Motion To Vacate four Orders issued on November 20, 2017,[1] that the court addresses herein.

---

[1]     On November 13, 2017, the court issued an Order, directing the parties to identify whether their respective cases concern upstream or downstream claims.  ECF No. 10.  The November 13, 2017 Order also stated that "[o]nce each case has been identified . . . the Clerk of Court will divide *In re Addicks And Barker (Texas) Flood-Control Reservoirs*, Master Docket No. 17-3000L, into two Sub-Master Dockets," one for upstream cases and the other for downstream cases.  ECF No. 10.

On November 20, 2017, the court issued the following Orders:

a. Order Regarding Judicial Assignment, Appointment Of Plaintiffs' Counsel For The Purpose Of Pre-Trial Jurisdictional Discovery, The Government's Motion To Dismiss Pursuant To Rule Of The United States Court Of Federal Claims 12(b)(1)–(7), And Scheduling (Downstream Claims).  ECF No. 67.

b. Order Regarding Judicial Assignment, Appointment Of Plaintiffs' Counsel For The Purpose Of Pre-Trial Jurisdictional Discovery, The Government's Motion To Dismiss Pursuant To Rule Of The United States Court Of Federal Claims 12(b)(1)–(7), And Scheduling (Upstream Claims).  ECF No. 68.

c. Order Regarding Judicial Assignment, Appointment Of Plaintiffs' Counsel For The Purpose Of Pre-Trial Discovery, Dispositive Motions For Partial Or Summary Judgment And/Or Cross-Motions Pursuant To Rule Of The United States Court Of Federal Claims 56 And/Or A Trial On Liability, And Scheduling (Downstream Claims).  ECF No. 69.

d. Order Regarding Judicial Assignment, Appointment Of Plaintiffs' Counsel For The Purpose Of Pre-Trial Discovery, Dispositive Motions For Partial Or Summary Judgment

I.

The Government asserts that "the parties have not yet consulted with each other and proposed a schedule for proceedings," so that the November 20, 2017 Orders "do not comply with RCFC 16(b)." ECF No. 100 at 1, 5. This assertion is inaccurate.

Between October 2, 2017 and October 6, 2017, Plaintiffs in Docket Nos. 17-1189L, 17-1191L, 17-1195L, 17-1206L, 17-1235L, 17-1277L, 17-1300L, 17-1303L, 17-1332L, 17-1374L, 17-1390L, 17-1408L, 17-1409L, 17-1423L, 17-1427L, 17-1428L, 17-1430L, 17-1450L, 17-1461L filed position statements in response to a September 15, 2017 Order requesting the parties' views about how these cases should proceed. ECF No. 5. Those position statements addressed whether to consolidate individual and class action cases; the potential for interlocutory appeal; the time required to proceed through summary judgment and related discovery; and proposals regarding scheduling. *See, e.g., Y And J Properties, Ltd. v. United States*, No. 17-1189, Dkt. 9 (Fed. Cl. Sept. 15, 2017).

On October 5, 2017, the Government submitted a proposed pre-trial schedule for filing certain pleadings and motions. *See, e.g., Y And J Properties, Ltd. v. United States*, No. 17-1189, Dkt. 10 at 5 (Fed. Cl. Oct. 5, 2017) (*e.g.,* "Plaintiffs File Amended Complaint"; "United States Files its Response to the Operative Complaints"; "Plaintiffs Identify Liaison Counsel"; "Plaintiffs File Their Motion(s) Seeking Class Certification"; "The Parties File a Joint Preliminary Status Report (including the parties' proposal for consolidating and coordinating discovery)").

On October 6, 2017, the court convened a hearing at the United States District Court for the Southern District of Texas in Houston to discuss the views of all parties about how these cases should proceed. *See, e.g., Y And J Properties, Ltd. v. United States*, No. 17-1189, Dkt. 15 (Fed. Cl. Oct. 10, 2017) ("10/6/17 TR"). The Government attended and was an active participant. 10/6/17 TR 7, 9, 15–38. As the October 6, 2017 hearing transcript reflects, the Government agreed that "the court rules [are] the starting point . . . [but the Government] would like to see a single schedule to the extent that it can be done feasibly across the cases, and that something needs to be done to deal with later-filed cases, to make sure that the cases that have been filed and the ones that we are working on can move forward expeditiously." 10/6/17 TR 43.

On October 23, 2017, Plaintiffs' counsel was notified by the Government via email that it would be filing "a motion asking the court to extend existing deadlines and set a uniform deadline for the [Government] to respond to pending complaints[.]" Email from Jacqueline C. Brown, Senior Trial Attorney, United States Department of Justice, to Jack E. McGehee, Counsel for Plaintiffs (Oct. 23, 2017, 5:19 PM). *The Government's October 23, 2017 email scheduled "a call*

---

And/Or Cross-Motions Pursuant To Rule Of The United States Court Of Federal Claims 56 And/Or A Trial On Liability, And Scheduling (Upstream Claims). ECF No. 70.

Each of the November 20, 2017 Orders: (1) assigned a United States Court of Federal Claims judge; (2) appointed lead counsel; and (3) established a pre-trial schedule. ECF Nos. 67, 68, 69, 70.

*[with all Plaintiff's counsel* on] Wednesday October 25 at 11:00 am Eastern *to discuss* any objections or opposition plaintiffs may have to this proposed motion" regarding *scheduling* and provided dial-in information for the telephone conference call.  *Id.* (emphasis added).

On October 25, 2017, the Government filed a Motion To Establish Uniform Deadlines To File Responses To Complaints, "request[ing] that the [c]ourt set a uniform deadline for Plaintiffs to amend or consolidate their complaints and to establish a date by which the [Government] is to file responses to the operative complaints.  *See, e.g., Y And J Properties, Ltd. v. United States*, No. 17-1189, Dkt. 26 (Fed. Cl. Oct. 25, 2017).

On November 1, 2017, the court convened a second hearing at the United States District Court for the Southern District of Texas in Houston.  ECF No. 7 ("11/1/17 TR").  During that hearing, the court not only considered presentations made by several counsel who requested to be appointed in a lead counsel role,  but also heard the views of other counsel,[2] and the Government,[3] about a schedule for this litigation.

Therefore, the requirements of RCFC 16(b)(1)(B), requiring the court to issue a scheduling order "*after consulting with the parties' attorneys* and any unrepresented parties *at a scheduling conference,*" were more than satisfied prior to issuance of the November 20, 2017 Orders and raises a serious concern about the care taken by the Government to ensure that assertions in the December 1, 2017 Motion were accurate.

## II.

The Government asserts that the November 20, 2017 Orders "do not permit resolution of [RCFC] 12 motions until after discovery is complete, which conflicts with the purpose of [RCFC] 12(b) motions[.]"[4]  ECF No. 100 at 5.

---

[2]     11/1/17 TR 18–25 (Edelson); 11/1/17 TR 35–42, 53–54 (Frederick); 11/1/17 TR 44–49 (Easterby); 11/1/17 TR 58–65 (Potts); 11/1/17 TR 81–83 (Hagans); 11/1/17 TR 95–97 (Buzbee); 11/1/17 TR 108–12 (McGehee); 11/1/17 TR 118–24 (Fulkerson);  11/1/17 TR 132–37 (Sigman); 11/1/17 TR 141–42 (Mitby).

[3]     11/1/17 TR 65–66, 144–55 (Government Counsel) ("So the first thing is that we agree with several of the Plaintiffs here that coordination and appointment of counsel should come first, and that's both for either responding to class certification or responding to any 12(b) motion that we do file.").

[4]     Specifically, the Government asserts that the deadline set in the court's November 20, 2017 Orders for "all initial disclosures and electronically stored information and hard copy documents filed in the pre-trial phase of this case . . . incongruously precedes both the [Government's] time to file [RCFC] 12 motions . . . and its time to answer[.]"  ECF No. 100 at 10.  And, "[the court's November 20, 2017] Orders do not schedule oral argument on [RCFC] 12 motions until . . . after discovery closes . . . and after dispositive motions are . . . filed."  ECF No. 100 at 10 (emphasis omitted).

The purpose of a 12(b)(1) motion is to determine whether a complaint properly alleges subject matter jurisdiction. Since the burden of establishing jurisdiction is on the plaintiff, the plaintiff may want to conduct limited jurisdictional discovery. And, it is well established that the trial court has broad jurisdiction to consider relevant and competent evidence on a motion to dismiss for lack of subject matter jurisdiction. *See* WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE ("WRIGHT & MILLER") § 1350 at 160 (Vol. 5B Supp. 2017). Given the nature of the allegations in Plaintiffs' complaints, both upstream and downstream, jurisdictional facts may well be contested and require discovery and jurisdictional fact-finding.

In contrast to a motion filed under RCFC 12(b)(1), the purpose of a motion filed under RCFC 12(b)(6) is "an adjudication as to whether a cognizable legal claim has been stated." WRIGHT & MILLER § 1350 at 106. If the decision of a motion filed under RCFC 12(b)(6) requires a ruling on the underlying substantive merits of the case, it "should await a determination of the merits either . . . on a summary judgement motion or . . . at the trial." *Id.* at 246, 249. Moreover, the court even "may postpone a decision until evidence is submitted at trial if the jurisdictional issue is intertwined with the merits of the case." *Id.* at 253. Stated another way, the purpose of a Rule 12(b)(6) motion "is to test the formal sufficiency of the statement of a claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of plaintiff's case." WRIGHT & MILLER § 1356 at 354. As such, the trial court's "inquiry essentially is limited to the content of the complaint" (*Id.* at 372), although it may consider matters subject to judicial notice, public record, and "items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned . . . without converting the motion into one for summary judgment." WRIGHT & MILLER § 1357 at 376. Therefore, the court's resolution of a RCFC 12(b) motion is not necessarily dependent on the completion of all discovery. The type of the RCFC 12 motion that the Government may file and the arguments that the Government makes in support thereof will dictate when and the manner of the court's resolution.

III.

The Government asserts that the court's pre-trial schedule should "begin[] with the amendment of the complaints,[5] the resolution of [RCFC] 12 motions, and the answer to any surviving claims." ECF No. 100 at 6 (citing RCFC 12(b), 15(a)).[6] In fact, the court's pre-trial schedule follows this sequence. As the November 20, 2017 Orders state, Plaintiffs must file Amended Complaints on or by January 15, 2018; the Government must file any Motions To

---

[5]     RCFC 12(b) does not state any time certain for when any RCFC 12(b) motion should be filed in relation to an Amended Complaint. Instead, the preface to RCFC 12(b) provides only that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading[,] if one is required." RCFC 12(b).

[6]     RCFC 15(a)(1)(B) provides that "[a] party may amend its pleadings once[,] as matter of course[,] within . . . 21 days *after* service of a motion under RCFC 12(b)[.]" RCFC 15(a)(1)(B) (emphasis added). That Rule does not require a resolution of any RCFC 12(b) motion at any specific time or in any particular order.

Dismiss on or by February 15, 2018; and the Government must file any Answers to the Plaintiffs' Amended Complaints on or by February 28, 2018.[7]  ECF Nos. 67, 68, 69, 70.

IV.

The Government asserts that having the cases proceed in "parallel schedules" risks "inconsistent decisions on the merits." ECF No. 100 at 8 (citing RCFC 12(d)). ECF No. 100 at 8. The factual circumstances that gave rise to the upstream claims, however, likely may differ from those concerning the downstream claims. Therefore, it is possible that there will be different decisions on jurisdictional issues as well as the merits. But if that happens, it will reflect the factual record developed and not any scheduling decision.

V.

The Government asserts that the November 20, 2017 Orders are problematic, because "there is no provision in the [RCFC] that contemplates transferring the same case to more than one judge, so that multiple judges may rule on the merits in a single case." ECF No. 100 at 8. But, RCFC 40.1(b) states that "the assigned judge . . . *may order the transfer of all or any part of a case to another judge upon the agreement of both judges*." RCFC 40.1(b). In addition, RCFC 40.1(c) provides that, "[t]he chief judge may reassign any case upon a finding that the transfer is necessary for the efficient administration of justice." RCFC 40(1)(c). In this case, as the "assigned judge" and Chief Judge, different judges were assigned to supervise and adjudicate different parts of these cases, complying with both Rules 40.1(b) and 40.1(c). Moreover, the Rules of the United States Court of Federal Claims "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." RCFC 1. In addition, the Case Management Procedure provides that, "[f]or the purpose of promoting the efficient administration of justice, a judge may modify these procedures as appropriate[.]" RCFC App. A, Section I.2.

The *In re Addicks And Barker (Texas) Flood-Control Reservoirs* cases present the court and the parties with procedural challenges that are exacerbated by the fact that approximately 9,500 individuals have lost their personal effects and homes by the alleged actions of the Army Corps of Engineers after Hurricane Harvey in August 2017. To date, over 153 cases have been filed in the United States Court of Federal Claims, including twelve putative class actions, requesting just compensation under the Takings Clause of the Fifth Amendment to the United States Constitution. Even if one judge was assigned to handle only the upstream claims and another judge to handle

---

[7]     On October 5, 2017, the Government requested that the court set the deadline for Plaintiffs to file Amended Complaints by November 15, 2017. *See Y And J Properties, Ltd. v. United States*, No. 17-1189, Dkt. 10 at 5 (Fed. Cl. Oct. 5, 2017). The court's November 20, 2017 Orders afford the Plaintiffs with two additional months to file Amended Complaints. ECF Nos. 67, 68.

On October 5, 2017, the Government also requested that the court set the deadline for the Government to file a Motion To Dismiss by January 15, 2018. *See Y And J Properties, Ltd. v. United States*, No. 17-1189, Dkt. 10 at 5 (Fed. Cl. Oct. 5, 2017). The court's November 20, 2017 Orders afford the Government with an additional month to file a Motion To Dismiss. ECF Nos. 67, 68.

5

only the downstream claims, it likely would take two years or more to issue decisions on jurisdiction and dispositive motions and require redistribution of their existing dockets to the other judges. This would be disruptive and impose significant burdens on the other parties, including the Government. Therefore, the undersigned judge separated claims arising from upstream and downstream flooding to facilitate their efficient adjudication. 11/1/17 TR 145–46 (Government Counsel) ("Our challenges on any type of a [RCFC] 12 motion will either apply to all of the Plaintiffs or either to the upstream or downstream group separately. I don't think that there would be any distinction between individuals and classes.); *see also* 11/1/17 TR 147 (Government Counsel agreeing that two amended complaints—one with downstream claims and one with upstream claims—would be acceptable). Therefore, by separating the claims and making functional assignments among judges with experience with Takings Clause and similar complex cases, the court's November 13 and 20, 2017 Orders fully comply both with RCFC 1 and RCFC Appendix A I.2 to allow these cases to be adjudicated in a "just, speedy, and inexpensive" manner, albeit these case management decisions may well offend the Government's sense of what it perceives to be "well-established and important litigation norms." ECF No. 100 at 2.

## VI.

The Government asserts that it cannot comply with the court's May 31, 2018 discovery deadline, by which time it must have: (1) collected information from the Army Corps of Engineers; (2) served written discovery notices and deposed potentially thousands of witnesses; and (3) "complete[d] highly technical expert discovery in a variety of fields." ECF No. 100 at 12 (citing *Arkansas Game & Fish Commission v. United States*, 568 U.S. 23, 39 (2012) (relevant to a physical takings inquiry are: "the character of the land at issue and the owner's reasonable investment-backed expectations regarding the land's use")). As to the Government's specific concerns, the Army Corps of Engineers was present at the October 6, 2017 hearing, at which time, many of these cases had been filed for several weeks. The current deadline provides the Government with seven months to obtain Army Corps of Engineers documents and retain experts. Seven months is also more than enough time to file "written discovery notices," particularly since Plaintiffs have indicated their willingness to cooperate with the Government. As to the Government's need to depose potentially thousands of witnesses, there is no basis in *Arkansas Game & Fish*, 568 U.S. 23 that would support any motion to compel such extensive discovery on jurisdictional issues.[8]

## VII.

The Government asserts that the court's November 20, 2017 Orders "relieve the Plaintiffs of the notice-pleading requirements under RCFC 8[9] and the even more stringent requirements of

---

[8]     The best evidence of this is the fact that only twenty-two depositions were taken by both parties in a Takings Clause case that shares some similar legal issues with the *Addicks and Barker (Texas) Flood-Control Reservoirs* cases. *See St. Bernard Parish Gov't v. United States*, No. 5-1119L, Dkt. No. 273.

[9]     The pleading requirements in RCFC 8 are not dependent on when a Rule 12 motion is filed. RCFC 8 states only that "[a] pleading [that] states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim

RCFC 9(i)[10] . . . by requiring that dispositive motions be filed before Rule 12 motions are decided." ECF No. 100 at 10.  The Government further states, without any support, that "both [parties will] incur significant costs to complete fact and expert discovery that will only be necessary if the United States' motions are denied."  ECF No. 100 at 11.  During the November 1, 2017 hearing, however, the parties discussed this issue at some length and Plaintiffs' counsel stated they would assume the risk of that cost.  11/1/17 TR 53 (Frederick) ("We assume the risk that if the [c]ourt were to find no jurisdiction and this goes up on appeal and that [Plaintiffs] ends up not prevailing, that we would have put some costs into this . . . but we assume the risk of that in the interest of trying to advance the liability determinations."); 11/1/17 TR 118 (Fulkerson) ("You have attorneys who are willing to take risk and to do things on the possibility that they may get an adverse decision on jurisdiction or on [RCFC] 12(b)(6)[.]").  Therefore, the pre-trial schedules set forth in the court's November 20, 2017 Orders do not contravene these Rules.  *See* RCFC App. A. Section I.2. ("For the purpose of promoting the efficient administration of justice, a judge may modify these procedures as appropriate[.]").

VIII.

The Government asserts that the court's November 20, 2017 Orders should be vacated, "because they indefinitely delay determination of class certification [.]" ECF No. 100 at 8.  As the November 20, 2017 Orders state, the "court has determined that the issue of class certification *is premature at this juncture*."  ECF Nos. 67, 68, 69, 70 (emphasis added).  No part of the November 20, 2017 Orders suggests an "indefinite delay determination of class certification[.]" ECF No. 100 at 8.  As the Department of Justice is aware, RCFC 23(c)(1)(A) adopted the language that class certification should be determined "[a]t an early practicable time," from the Federal Judicial Center's MANUAL FOR COMPLEX LITIGATION §  21.133 (4th ed. 2004).  But, the MANUAL FOR COMPLEX LITIGATION also recognizes that a trial court may decide to "*hear and determine threshold dispositive motions, particularly motions that do not require extensive discovery, before hearing and determining class certification motions*."  *Id.* at § 21.11 (emphasis in original).  Some years after the publication of the MANUAL FOR COMPLEX LITIGATION, the United States Supreme Court issued *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), reversing a trial court's certification of a class action at the pre-trial stage, because the evidence provided was not sufficient to establish the "commonality" element of Rule 23(a)(2) of the Federal Rules of Civil Procedure:

> What matters to class certification . . . [is] the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation."

*Id.* at 350 (internal quotations omitted).

---

showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."  RCFC 8(a).

[10]     Likewise, the pleading requirements in RCFC 9(i) are not dependent on when a Rule 12 motion is filed.  RCFC 9(i) states only that "[i]n pleading a claim for just compensation under the Fifth Amendment of the United States Constitution, a party must identify the specific property interest alleged to have been taken by the United States."  RCFC 9(i).

Therefore, the Supreme Court has advised that, in many cases, discovery is required to establish the commonality element of RCFC 23(a)(2) and, in some cases, a liability determination first may be required.

Likewise, in *Comcast Corporation v. Behrend*, 133 S. Ct. 1426 (2013), the United States Supreme Court held that a class action improperly was certified under FRCP 23(b)(3), because "[t]he first step in a damages study is the translation of the *legal theory of the harmful event* into an analysis of the economic impact *of that event.*" *Id.* at 1435 (quoting FEDERAL JUDICIAL CENTER, REFERENCE MANUAL ON SCIENTIFIC EVIDENCE § 432 (3d ed. 2011)). Therefore, the economic impact of the Army Corps of Engineers' actions in these cases requires discovery and full consideration of the legal theory that may require a liability determination, before class action certification is considered. Moreover, the United States Court of Appeals for the Federal Circuit has held that United States Supreme Court precedent does not "require[] that class certification be addressed before ruling on a motion to dismiss." *See Greenlee Cty., Ariz. v. United States*, 487 F.3d 871, 880 (Fed. Cir. 2007); *see also Schweizer v. Trans Union Corp.*, 136 F.3d 233, 239 (2d Cir. 1998) ("There is nothing in Rule 23 [that governs class certification] which precludes the court from examining the merits of plaintiff's claims on a proper Rule 12 motion to dismiss or Rule 56 motion for summary judgment simply because such a motion precedes resolution of the issue of class certification.")).

IX.

The intent of the court's November 20, 2017 Orders was to assign jurisdictional discovery and any motion filed under RCFC 12 to one judge and assign a different judge to handle other pre-trial discovery and any RCFC 56 motions, to accommodate Plaintiffs' request to be allowed to a complete discovery and make a record, while jurisdictional issues were adjudicated to a final judgment. Nevertheless, the court is willing to consider two alternative approaches. First, whether the jurisdictional issues are "so intertwined with the merits of the case" (WRIGHT & MILLER § 1350 at 253) that the interests of justice require the court instead to establish a scheduling order setting a target date for a liability trial in the late fall of 2018. Second, the court also will consider any other reasonable and instructive recommendations about how to adjudicate jurisdiction and dispositive issues in these cases, within the general temporal parameters set forth in the November 20, 2017 Orders. These submissions should be filed with the court no later than 5:00 PM (EST) on December 18, 2017.

For these reasons, the Government's December 1, 2017 Motion To Vacate is denied.

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Chief Judge**